GOVERNOR — AUTHORITY CONCERNING USE OF STATE OWNED AIRCRAFT The Governor has the authority to direct the use of aircraft under the supervision of the Department of Public Safety in the conduct of the official business of the State of Oklahoma. The aircraft use directed by the Governor need not be specifically related to the statutory duties and responsibilities of the Department of Public Safety as long as the use of aircraft is used for public and not private purposes. It is not required of the Governor to reimburse the Department of Public Safety where the aircraft use directed by him was a legitimate use for the purpose of transporting a state officer to participate in official business. The Attorney General has considered your request for an opinion wherein you ask several questions concerning the authority of the Governor as Chief Executive of the State of Oklahoma with particular reference to the extent of gubernatorial authority related to the use of aircraft owned by the State. Article VI, Section 2 of the Oklahoma Constitution provides: "The supreme executive power shall be vested in a Chief Magistrate, who shall be styled 'the Governor of the State of Oklahoma'." Title 47 O.S. 2-101 [47-2-101] (1971) provides in pertinent part: "(b) The Governor shall be the chief officer of the Department of Public Safety and the Commissioner of Public Safety shall execute the lawful orders of the Governor and shall be responsible to him for the operation and administration of said Department . . . .' " The Legislature has specifically authorized the purchase of aircraft by the Department of Public Safety and has, in at least one instance, provided that said aircraft should be used only in the conduct of the official business of the State. For example, the Thirty-fourth Legislature authorized such an expenditure in 1973 in Chapter 210, O.S.L., 20 wherein it was provided: "There is hereby appropriated to the Oklahoma Department of Public Safety, from any monies in the Federal Revenue Sharing Fund of the State Treasury, not otherwise appropriated, the sum of One Hundred Seventy-five Thousand Six Hundred Dollars ($175,600.00), or so much thereof as may be required for the purchase of a passenger aircraft, remainder of funds required to be from Department funds. * * * Said airplane shall be used only in the conduct of the official business of this State." (Emphasis added) In other instances, aircraft have been purchased by the Department of Public Safety out of appropriated funds under the general authority of the Commissioner of Public Safety to acquire necessary equipment and property. As is seen in 47 O.S. 2-101 [47-2-101](b) above, the Governor has been given the overall supervisory authority of the Department of Public Safety. One of the responsibilities of the Commissioner of Public Safety is to "execute the lawful orders of the Governor" and "be responsible to him for the operation and administration" of the Department. Under Article VI, 8 of the Constitution, the Governor has the duty to "cause the laws of the State to be faithfully executed." If, in the opinion and within the sound discretion of the Governor, the aircraft under the supervision of the Department of Public Safety are needed for official business, he may dispatch an airplane to fulfill that purpose. Any other construction of the Constitution and Statutes would be strained. The aircraft owned by the State and under the supervision of the Department of Public Safety were obviously purchased for not only the purpose of traffic control but also to provide transportation on occasion to various public officials who are traveling on official business of the State. These and other airplanes have been so used for many years. A definite distinction should be drawn between those instances when transportation is furnished to an officer of the State to conduct the public's business and occasions where transportation might be furnished for a purely private purpose. The former is wholly proper. The latter use amounts to an improper expenditure of public funds and resources. The fact that the aircraft use is not wholly related to fulfilling a specific Department of Public Safety function is not of the essence as long as the use is legitimate and in the public interest. For instance, transporting the Chief Executive to the State Penitentiary during a disturbance is not specifically required of the Department. But, could it be logically asserted that an aircraft should not be made available to the Governor in such a case? The overriding constitutional responsibility of the Governor to faithfully execute the laws of the State gives him the responsibility of insuring, insofar as is possible, the orderly operation of the Government. The ultimate test must be whether the aircraft use directed by the Governor is for official business. Providing transportation to a legislator to the Capitol to participate in an important debate and vote or to a Justice of the Supreme Court to join in the hearing of an urgent matter before the Court are undoubtedly examples of "official business". Nowhere in the statutes has the Legislature imposed limitations upon the Governor in the use of the aircraft owned by the State except to provide that the use must be for official business. (See 1973 Session Laws, Chapter 210, 20, pages 364-365). In any instance where public funds are expended for the purchase of aircraft, the aircraft may only be used in pursuit of official business. If the Legislature wishes to limit the uses of state owned aircraft beyond the obvious "official business" limitation, it is well within its prerogative to do so. But, until such action is taken, the Governor has wide latitude to use the aircraft for official purposes. In your letter you inquired as to the consequences of the Governor's gesture of tendering a check for the cost of the use of a plane. In light of the above, the gesture was superfluous and unnecessary. The payment is by no means required where the aircraft use was a legitimate transportation of a state officer to participate in official business. It is, therefore, the opinion of the Attorney General that your questions be answered in the following manner: The Governor has the authority to direct the use of aircraft under the supervision of the Department of Public Safety in the conduct of the official business of the State of Oklahoma. The aircraft use directed by the Governor need not be specifically related to the statutory duties and responsibilities of the Department of Public Safety as long as the use of aircraft is used for public and not private purposes. It is not required of the Governor to reimburse the Department of Public Safety where the aircraft use directed by him was a legitimate use for the purpose of transporting a state officer to participate in official business. (MICHAEL CAUTHRON) (ksg)